UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHAWN PIERRE MOORE,

      Petitioner,

   v.                         CASE NO. 2:07-CV-11844
                               JUDGE LAWRENCE P. ZATKOFF
                               MAGISTRATE JUDGE PAUL J. KOMIVES

CAROL R. HOWES,

      Respondent.[1]
_____/


# REPORT AND RECOMMENDATION

*Table of Contents*

I.     RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     A.    *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     B.    *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     C.    *Illusory Plea (Claim I)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     D.    *Sentencing Claims (Claim II)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
         1.    *Mitigation Evidence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
         2.    *Use of Prior Convictions* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
         3.    *Restitution* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
     E.    *Ineffective Assistance of Counsel (Claim III)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
     F.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
III.   NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

                           *     *     *     *     *


I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.   REPORT:

A.   *Procedural History*

     1.    Petitioner Shawn Pierre Moore is a state prisoner, currently confined at the Florence

---

    [1]By Order entered this date, Carol R. Howes has been substituted in place of Carmen Palmer as the proper respondent in this action.

Crane Correctional Facility in Coldwater, Michigan.

2. On June 24, 2005, petitioner was convicted of one count of first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), pursuant to his guilty plea in the Jackson County Circuit Court. In exchange for his guilty plea, the prosecutor dismissed an identity theft charge pending in a separate case. On July 20, 2005, he was sentenced to a term of 5-20 years' imprisonment. Petitioner's motion to withdraw his plea and for resentencing was denied by the trial court.

3. Petitioner, through counsel, filed a delayed application for leave to appeal in the Michigan Court of Appeal, raising the following claims:

   I. MR. MOORE SHOULD BE ALLOWED TO WITHDRAW HIS PLEA WHERE THE DISMISSAL OF AN IDENTITY THEFT "CHARGE" AS CONSIDERATION FOR HIS PLEA WAS ILLUSORY WHERE THERE WAS INSUFFICIENT EVIDENCE TO HAVE FOUND HIM GUILTY OF THAT CRIME IN THE FIRST PLACE, THUS RENDERING HIS PLEA NOT UNDERSTANDING AND VOLUNTARILY MADE.

   II. MR. MOORE SHOULD BE RESENTENCED WHERE, INTER ALIA: (1) MITIGATING CIRCUMSTANCES EXIST FOR HIM TO BE SENTENCED AT THE LOW END OF HIS GUIDELINE RANGE RATHER THAN THE HIGH END; (2) HE WAS SCORED FOR CONDUCT WHERE IT IS UNKNOWN WHETHER HE WAS REPRESENTED BY COUNSEL, OR WHETHER HE VALIDLY WAIVED HIS RIGHT TO SAME, AND WITHOUT THE INCORRECT SCORING, MR. MOORE'S GUIDELINES RANGE IS SUBSTANTIALLY LESS AND HIS MINIMUM SENTENCE REPRESENTS AN UPWARD DEPARTURE; AND WHERE (3) RESTITUTION WAS NOT PROVED BY A PREPONDERANCE OF THE EVIDENCE.

   III. MR. MOORE SHOULD BE ALLOWED TO WITHDRAW HIS PLEA OR BE RESENTENCED WHERE HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FOR, INTER ALIA, COUNSEL'S FAILURE TO OBJECT TO THE PLEA AND SENTENCING ERRORS ARGUED HEREIN AND WHERE TRIAL COUNSEL REPRESENTED TO MR. MOORE THAT HE WOULD RECEIVE A GUIDELINE SENTENCE OF 24-40 MONTHS AND WHERE MR. MOORE RELIED ON THIS REPRESENTATION WHEN HE PLED.

The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack

of merit in the grounds presented." *People v. Moore*, No. 273651 (Mich. Ct. App. Nov. 21, 2006).

    4.    Petitioner, proceeding *pro se*, sought leave to appeal these issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Moore*, 477 Mich. 1058, 728 N.W.2d 861 (2007).

    5.    Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on April 27, 2007. As grounds for the writ of habeas corpus, he raises the three claims that he raised in the state courts.

    6.    Respondent filed her answer on October 31, 2007. She contends that petitioner's claims are without merit.

    7.    Petitioner filed a reply to respondent's answer on December 17, 2007.

B.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning."

*Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the

4

benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

C.   *Illusory Plea (Claim I)*

Petitioner first contends that his plea bargain was illusory, rendering his guilty plea involuntary, because there was insufficient evidence to convict him on the identity theft charge which was dismissed. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

Petitioner's illusory plea claim is premised on his assertion that the person who stole the victim's identity in the separate case was not him, but his girlfriend, and that the victim (his former girlfriend) had granted his girlfriend permission to use the victim's identity to rent an apartment. Petitioner argues that, based on these facts, there was no validity to the identity theft charge and its dismissal as part of the plea agreement was illusory. However, petitioner also concedes that the victim claimed that she did not grant petitioner or his girlfriend permission to use her identifying information to rent the apartment, and that petitioner had access to her identifying information. Thus, as the trial court explained in denying petitioner's motion to withdraw the plea:

> [A] fair reading of the known facts suggests that the case was a credibility contest between the victim and the Defendant. If the victim was believed, the Defendant was almost certainly involved in identity theft or aiding and abetting identity theft from his

5

> former girlfriend. . . . [T]his plea bargain had some value to the Defendant. The identity theft case was pending in Circuit Court. Although it may have been defensible, and may in fact have been a winnable case for the Defendant, that does not mean that the bargain was illusory because the case was dropped and returned for his pleading to Home Invasion.

*People v. Moore*, No. 05-0937-FH, at 1 (Jackson County, Mich., Cir. Ct. Sept. 19, 2006) (opinion and order denying petitioner's motion to withdraw and for resentencing) [hereinafter "Trial Ct. op."].

This determination was reasonable. As the trial court explained, petitioner was well aware of the facts relating to the identity theft charge at the time he pleaded guilty to the home invasion charge. Thus, any weaknesses in the case were known to him at the time, but he nevertheless decided that it was beneficial to plead guilty. As the Supreme Court has explained, a guilty plea is not "compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Brady v. United States*, 397 U.S. 742, 751 (1970). The Court in *Brady* did explicitly "make no reference to the situation where the prosecutor or judge, or both, deliberately employ their charging and sentencing powers to induce a particular defendant to tender a plea of guilty." *Id*. at 751 n.8. However, he cannot show that the prosecutor deliberately employed his charging powers in an improper manner because the charge was supported by sufficient evidence to establish probable cause, namely the victim's statements. Even if the identity theft charge was not particularly strong, petitioner obtained the certainty that he would not be convicted of that charge in exchange for his plea. Thus, the trial court's conclusion that the plea was not illusory was reasonable, and the Court accordingly should conclude that petitioner is not entitled to habeas relief on this claim.

D.   *Sentencing Claims (Claim II)*

Petitioner next raises several challenges to his sentence. First, he contends that the court failed

to consider mitigating evidence that counseled for a sentence at the low end of the guideline range. Second, he contends that he was sentenced based on prior convictions for which it was unknown whether he was represented by counsel or had waived representation. Finally, petitioner contends that the amount of restitution was not proved by a preponderance of the evidence. The Court should conclude that petitioner is not entitled to habeas relief on these claims.

       1.       *Mitigation Evidence*

Petitioner first claims that the trial court erred in failing to consider mitigation evidence which would have counseled in favor of a lower sentence. The Court should conclude that this claim does not state a cognizable basis for habeas relief.

Although the Supreme Court has held that individualized sentencing is required in the death penalty context, *see, e.g.*, *Tuilaepa v. California*, 512 U.S. 967, 972 (1994); *Woodson v. North Carolina*, 428 U.S. 280, 304 (1976), these cases "have repeatedly suggested that there is no comparable requirement outside the capital context, because of the qualitative difference between death and all other penalties." *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991) (citing *Eddings v. Oklahoma*, 455 U.S. 104, 110-112 (1982); *Rummel v. Estelle*, 445 U.S. 263, 272 (1980); *Lockett v. Ohio*, 438 U.S. 586, 602-05 (1978); *Woodson*, 428 U.S. at 303-05). Based on these cases, the *Harmelin* Court explicitly declined to extend the individualized sentencing requirement to non-capital cases. *Harmelin*, 501 U.S. at 996 ("We have drawn the line or required individualized sentencing at capital cases, and see no basis for extending it further."); *see also*, *id*. at 1006 (Kennedy, J., concurring). More specifically, the *Harmelin* Court rejected the defendant's claim in that case that his sentence violated the Eighth Amendment because the trial court gave no consideration to mitigation evidence. Thus, "[t]he Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases." *Engle v. United States*, 26 Fed. Appx. 394,

397 (6th Cir. 2001) (citing *Harmelin*, 501 U.S. at 995). "Similarly, due process does not require the consideration of mitigating factors in non-capital proceedings." *Upshaw v. Turner*, No. 05-2097, 2007 WL 1757255, at *13 (W.D. Tenn. Apr. 30, 2007) (citing *Hawkins v. Riveland*, No. 92-36565, 1993 WL 148090, at *2 (9th Cir. May 10, 1993) (citing *United States v. LaFleur*, 971 F.2d 200, 211-12 (9th Cir. 1992))). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

2. *Use of Prior Convictions*

Petitioner next contends that his sentence was based on uncounseled prior convictions, and thus was unconstitutional. In *Townsend v. Burke*, 334 U.S. 736 (1948), the Supreme Court held that it violates a criminal defendant's right to due process to sentence the defendant "on the basis of assumptions concerning his criminal record which were materially untrue." *Id*. at 741. In *Gideon v. Wainwright*, 372 U.S. 335 (1963), the Court held that the Sixth Amendment right to counsel makes it "unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one." *Burgett v. Texas*, 389 U.S. 109, 114 (1967). In *Burgett* the Court extended its holding in *Gideon*, concluding that a conviction obtained in violation of *Gideon* cannot be used to either support guilt or enhance punishment for another, subsequent offense. *See Burgett*, 389 U.S. at 115. Extrapolating from both *Townsend* and *Gideon/Burgett*, the Court held in *United States v. Tucker*, 404 U.S. 443 (1972), that a sentencing court's reliance on convictions which are "wholly unconstitutional under *Gideon*" results in a "sentence founded at least in part upon misinformation of a constitutional magnitude" of the type prohibited by *Townsend*. *Tucker*, 404 U.S. at 447. Thus, "[w]hen an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate."

*Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 404 (2001).

Petitioner's claim is based on the trial court's scoring of Prior Record Variable (PRV) 5. Under PRV 5, the court scores certain points based on the number of prior misdemeanor convictions. Specifically, the court scores 20 points for seven or more prior misdemeanor convictions, 15 points for 5-6 prior misdemeanor convictions, 10 points for 3-4 prior misdemeanor convictions, 5 points for 2 prior misdemeanor convictions, and 2 points for 1 prior misdemeanor conviction. *See* MICH. COMP. LAWS § 777.55. Petitioner's presentence report identified seven misdemeanor convictions, in addition to two felony convictions. Petitioner concedes that the conviction identified as conviction #6 for illegal use of a transaction device was properly considered. However, he contends that the other convictions were not properly considered. These other convictions are: #1, possession of marijuana, Madison County, Illinois, Circuit Court; #2, retail theft under $50, St. Clair County, Illinois, Circuit Court; #4 & #5, driving with license suspended, 12th District Court, Michigan; #7, fourth degree child abuse, 12th District Court; and #9, larceny by conversion under $100, 12th District Court.

At the outset, it is petitioner's burden to show both that he was without counsel at the time of his plea in the Minnesota case, and that the presence of counsel was not validly waived. *See Hobson v. Robinson*, 27 Fed. Appx. 443, 445 (6th Cir. 2001) (citing *Parke v. Raley*, 506 U.S. 20, 28-34 (1992)). A petitioner's "conclusory allegation is not a basis for granting an evidentiary hearing" or habeas relief. *Brown v. Tyszkiewicz*, No. 99-CV-73027, 2000 WL 1480892, at *8 (E.D. Mich. Aug. 31, 2000) (Borman, J.); *see also*, *Hobson*, 27 Fed. Appx. at 445; *United States v. Joost*, 92 F.3d 7, 14 (1st Cir. 1996). Here, the state court docket sheets submitted by respondent show that petitioner waived his right to counsel with respect to convictions #7 (fourth degree child abuse) and #9 (larceny by conversion). Petitioner offers nothing to contradict these docket sheets, other than his conclusory assertion that he was not represented by counsel. Thus, petitioner has failed to meet his burden of

showing that counsel was not validly waived with respect to these convictions, and they are properly included in the trial court's scoring of PRV 5. Further, the state court docket sheets shows that petitioner did not serve any jail time on convictions #2 (retail theft) and #4 (driving on a suspended license). A court may base its sentence on uncounseled misdemeanor convictions that did not result in any jail time. *See Nichols v. United States*, 511 U.S. 738, 748-749. Thus, the trial court could properly consider these convictions in scoring PRV 5.

This leaves only two convictions which may have been improperly included in scoring PRV 5–convictions #1 (marijuana possession) and #5 (driving on a suspended license). Even assuming that it was improper to include these convictions in scoring PRV 5, petitioner cannot show that he is entitled to habeas relief. It is well established that a *Tucker* violation arises only where a prior uncounseled conviction "actually served as the basis for the sentence." *United States v. Jones*, 40 Fed. Appx. 15, 17 (6th Cir. 2002) (internal quotation omitted); *see also*, *Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003); *United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir. 1985). "A sentencing court demonstrates reliance on misinformation when the court gives 'explicit attention' to it, 'found[s]' its sentence 'at least in part' on it, or gives 'specific consideration' to the information before imposing sentence." *Lechner*, 341 F.3d at 639 (quoting *Tucker*, 404 U.S. at 444, 447). Here, as the trial court noted, if these two convictions were not included, PRV 5 would have been scored as 10 points instead of 15 points. This would have resulted in a total PRV score of 25 points, as opposed to the 30 points actually scored. However, this would still have resulted in petitioner being at PRV level D, which combined with his Class B felony and Offense Variable Level would have resulted in the same recommended range for his minimum sentence: 36-60 months. *See* MICH. COMP. LAWS § 777.63; Trial Ct. op., at 1-2; Pet'r's Reply, Attachment 18 (guidelines scoring sheet). Because petitioner's guidelines resulted in the same sentence regardless of whether these two

convictions were included, any error in their inclusion was harmless. *See Beavers v. Alford*, 582 F. Supp. 1504, 1506 (W.D. Okla. 1984) ("[W]here enhancement could have been based on other convictions, reliance on an invalid one is harmless."); *cf. United States v. Zuniga-Lazaro*, 388 F.3d 308, 316-17 (7th Cir. 2004) (error in scoring guidelines harmless where same guidelines range would result from correct scoring); *United States v. Caldwell*, 358 F.3d 138, 143 (1st Cir. 2004) (same).

More fundamentally, however, there was nothing improper in the trial court's use of these allegedly uncounseled convictions in sentencing petitioner within the guidelines, or even in departing upward from the guidelines. Importantly, the Supreme Court has never held that previous uncounseled misdemeanor convictions can never be used in determining an appropriate sentence. In *Baldasar v. Illinois*, 446 U.S. 222 (1980) (per curiam), the Court held only that a previous uncounseled misdemeanor conviction may not "be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term." *Id.* at 222 (per curiam); *see also*, *id.* at 224 (Stewart, J., joined by Brennan and Stevens, JJ., concurring) (use of previous uncounseled conviction improper where defendant is "sentenced to an increased term of imprisonment *only* because" of that conviction) (emphasis in original); *id.* at 228 (Marshall, J., joined by Brennan and Stevens, JJ., concurring) (uncounseled misdemeanor conviction "remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute."). As a number of courts have explained, "the holding of *Baldasar* is limited to prohibiting the elevation of a misdemeanor to a felony by reason of an uncounseled conviction [.]" *United States v. Falesbork*, 5 F.3d 715, 718 (4th Cir. 1993); *see also*, *United States v. Burroughs*, 5 F.3d 192, 194 (6th Cir. 1993). As the Eighth Circuit has aptly explained:

> We believe that *Baldasar* prevents a constitutionally valid but uncounseled

prior conviction from being used in a subsequent sentencing proceeding to imprison a defendant when he would not otherwise be confined. We further are of the view that *Baldasar* has no application in a case (as here) where the prior uncounseled conviction played no part in determining the defendant's guilt of the subsequent offense, and where (as here) a sentence to imprisonment is already required to be imposed for the subsequent offense without regard to the prior conviction, and where (as here) the court is faced only with determining the length of the imprisonment already authorized by the statute for the subsequent offense. Stated another way, under *Baldasar*, one cannot be sent to jail because of a prior uncounseled misdemeanor conviction, either upon the initial conviction or because of the conviction's later use in a subsequent sentencing, but if the subsequent sentence to imprisonment is already required as a consequence of the subsequent crime, the prior conviction may be used as a factor to determine its length.

*United States v. Thomas*, 20 F.3d 817, 823 (8th Cir. 1994) (en banc).

This result is compelled here. It is clear that petitioner's sentence was based on his conduct (albeit as reflected in his criminal history), which was relevant to his character, dangerousness, and potential for rehabilitation. As the Supreme Court explained in *Nichols*, traditionally "[s]entencing courts have not only taken into consideration a defendant's prior convictions, but have also considered a defendant's past criminal behavior, even if no conviction resulted from that behavior." *Nichols*, 511 U.S. at 747. Here, the sentencing judge's comments make it clear that petitioner's prior convictions, to the extent they were used, were "not applied to alter criminal liability, as is prohibited by *Baldasar*. Rather, his recidivist conduct was taken into account only to select the appropriate sentence within the range legally established by [the Michigan legislature] for the felony." *Falesbork*, 5 F.3d at 719; *see also*, *United States v. Peagler*, 847 F.2d 756, 758-59 (11th Cir. 1988) (prior uncounseled conviction may be used as evidence of defendant's character in imposing an appropriate sentence within the range authorized for the offense).

For these reasons, the Court should conclude that petitioner is not entitled to habeas relief on his claim relating to the scoring of PRV 5.

3. *Restitution*

Petitioner also contends that the trial court's order of restitution was not supported by a preponderance of the evidence. This claim does not provide a cognizable basis for habeas relief. The habeas statute provides that a federal court may entertain a habeas application "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because an order of restitution has no bearing on the validity or duration of a prisoner's custody, a challenge to the order of restitution is not cognizable under § 2254. *See Taylor v. Hamlet*, 88 Fed. Appx. 220, 220 (9th Cir. 2004); *Flores v. Hickman*, 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008); *Carter v. Smith*, No. 06-CV-11927, 2007 WL 325358, at *7 (E.D. Mich. Jan. 31, 2007) (Steeh, J.); *cf. Kaminski v. United States*, 339 F.3d 84, 89 (2d Cir. 2003); *Smullen v. United States*, 94 F.3d 20, 26 (1st Cir. 1996). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.  *Ineffective Assistance of Counsel (Claim III)*

Finally, petitioner contends that his counsel was ineffective for failing to object the scoring of his guidelines. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

The Sixth Amendment right to counsel and the corollary right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687. These two components are mixed questions of law and fact. *See id.* at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose

13

of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

With respect to the performance prong of the inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

Here, for the most part petitioner cannot show that counsel was ineffective for failing to object to the scoring of his prior record variables. As explained above, petitioner has failed to show that the bulk of his misdemeanor convictions could not be considered by the trial court. Counsel cannot be deemed ineffective for failing to raise meritless challenges to the inclusion of these convictions. With respect to the two convictions which arguably should not have been considered, petitioner cannot show that he was prejudiced by counsel's failure to object. As the Sixth Circuit has explained, "[w]here ineffective assistance at sentencing is asserted, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 Fed. Appx. 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)). Here, as explained above, petitioner's PRV category would have been the same even if these two convictions were excluded from the calculation of PRV 5. Thus, he cannot show that he was

14

prejudiced by counsel's failure to object to the inclusion of these two misdemeanor convictions in the scoring of PRV 5. *See United States v. Carpenter*, 163 Fed. Appx. 707, 711 (10th Cir. 2006) (no prejudice where criminal history score would have been the same even if counsel had objected and his objection been sustained); *Jennings v. United States*, 461 F. Supp. 2d 818, 831 (S.D. Ill. 2006) (no prejudice where application of guidelines would have been the same even if counsel had objected); *cf. Wajda v. United States*, 64 F.3d 385, 388 (8th Cir. 1995) (no prejudice where court would have imposed same sentence even if counsel had objected). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.      *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2),

a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Paul J. Komives
                                                PAUL J. KOMIVES
                                                UNITED STATES MAGISTRATE JUDGE

Dated: November 7, 2008

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on November 7, 2008.
>
>                                  s/Eddrey Butts
>                                  Case Manager