# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SHAWN PIERRE MOORE,

    Petitioner,

v.                                                    Case No. 07-11844
                                                        Hon. Lawrence P. Zatkoff

CAROL R. HOWES,

    Respondent.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus [dkt 1]. The matter currently before the Court is Magistrate Judge Komives's Report and Recommendation regarding the petition [dkt 12]. The Magistrate Judge recommends the petition for a writ of habeas corpus be denied. Petitioner timely filed objections to the Report and Recommendation [dkt 14], which the Court will briefly discuss. The Court has thoroughly reviewed the court file, the Report and Recommendation, and Petitioner's objections. As a result of that review, the Court ADOPTS the Report and Recommendation and enters it as the findings and conclusions of this Court.

Petitioner first objects to the Magistrate Judge's determination that his plea bargain was not illusory. As part of Petitioner's plea agreement, a charge of identity theft was dropped in a separate matter. Petitioner claims insufficient evidence existed to convict him of the identity theft charge, thereby rendering his plea agreement illusory and invalid. The Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief on this ground. Furthermore, the cases Petitioner cites offer little support for his argument. *See Cook v. United States*, 461 U.S. 530, 531-32 (1972) (invalidating a guilty plea premised on dismissing counts that were *facially* invalid) (emphasis added); *Hammond v. United States*, 528 F.2d 15 (4th Cir. 1975) (plea held involuntary because the

defendant was ineffectively counseled on the maximum statutory sentence); *People v. Lawson*, 255 N.W.2d 748, 749 (Mich. Ct. App. 1977) (allowing withdrawal of guilty plea when charges promised to be dismissed were not dismissed). The plea in *Cook* was invalidated in part because the claims being dismissed in exchange for the plea were facially invalid; at best, Petitioner's identity theft charge may be factually deficient—a situation requiring a trial to resolve. The plea was not illusory, as Petitioner avoided the possibility of conviction at trial. Further, unlike *Lawson*, the identity theft charge was dropped as promised. *Hammond* is factually irrelevant to this case, as Petitioner does not contend that he was unaware of the maximum statutory sentence.[1] This objection must fail.

Petitioner next challenges the Magistrate Judge's determination that the consideration of mitigating evidence is not required in a non-death penalty case. Petitioner fails to comprehend the difference between evidence used at trial to obtain a conviction and evidence used by the trial judge in determining a sentence. The sufficiency of the evidence for Petitioner's plea and charges dropped has been previously discussed. As to mitigating evidence for Petitioner's sentence, the Court agrees with the Magistrate Judge's conclusion that a sentencing judge is not required to consider this evidence. *See, e.g.*, *Harmelin v. Michigan*, 501 U.S. 957, 995-96 (1991).

Petitioner's remaining objections contain no legal support or factual basis. Petitioner claims

---

[1] Petitioner did contend, without briefing the issue, that his counsel was ineffective for promising Petitioner that he would be sentenced within a range of 24-40 months. While the Magistrate Judge did not explicitly address this in his Report and Recommendation, Petitioner failed to include this issue in his objections, thereby waiving this claim. *See, e.g.*, *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Furthermore, the transcript from the plea agreement hearing clearly shows that Petitioner denied the existence of any promise or deal and knew that he could not later claim otherwise. *See* Plea Tr. p. 6. "Absent extraordinary circumstances," a plea agreement "consists of the terms revealed in open court." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). Petitioner's habeas petition did not raise evidence of extraordinary circumstances; therefore, this claim is otherwise meritless.

that he does not have the burden to prove that his prior convictions were uncounseled because he attempted to contact the appropriate courts and received no response. Petitioner's failure to obtain evidence does not shift nor excuse his burden. Petitioner's arguments that (1) uncounseled misdemeanor convictions cannot be used in a sentencing determination and (2) that he is unable to challenge his restitution on habeas appeal are simply disagreements with the authority that the Magistrate Judge correctly identified and applied. Regarding Petitioner's seven misdemeanor convictions, the Magistrate Judge found that five of the convictions were properly considered by the trial judge. The Magistrate Judge suggested that the remaining two convictions were also properly considered, and, alternatively, that the guideline range would have remained the same if those two convictions were not included in the criminal history calculation. The Court agrees.

Finally, Petitioner objects to the Magistrate Judge's finding that Petitioner's counsel was not ineffective for not objecting to the scoring of the sentencing guidelines. Petitioner is unable to show that he was prejudiced by his counsel's actions as any objections to the criminal history calculation would have been futile as to five of the convictions, and if successful as to the remaining two convictions, would not have altered the guideline range.

Accordingly, IT IS ORDERED that the petition for a writ of habeas corpus [dkt 1] is DENIED.

IT IS SO ORDERED.

                                                  s/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: January 8, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 8, 2009.

s/Marie E. Verlinde
Case Manager
(810) 984-3290